UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANGEL AYALA, | Case No. 1:12-cv-00281-AWI-DLB PC |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| v. | |
| J. HARDEN, et al., | ECF No. 1 |
| Defendants. | OBJECTIONS DUE WITHIN 14 DAYS |

**I.   Background**

Plaintiff Angel Ayala ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On February 27, 2012, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was formerly incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: lieutenant institutional gang investigator ("IGI") J. Harden; assistant IGIs M. Lozano and C. Chamberlin; and special agents of the Special Service Unit for CDCR Richard Nadeau and David Perez.

Plaintiff alleges the following. On April 14, 2010, Defendant Harden placed Plaintiff in administrative segregation based on information regarding threats against staff. On June 1, 2010, Defendants Harden, Chamberlin, and Lozano served Plaintiff with a gang validation package. Defendant Harden approved the package and submitted it to the special service unit agents for approval. Defendant Lozano submitted one source of information, the use of a symbol, which Plaintiff contends is actually a part of Mexican heritage, and not gang-affiliated. Defendant Chamberlin submitted all the disclosure forms which indicated that Plaintiff had the capability to associate with known gang members. Plaintiff contends that having the capability is not actual association. Plaintiff contends that the validation was wrongful because it relied upon false, unreliable, and insufficient evidence.

Defendants Nadeau and Perez concluded that the information was reliable and approved Plaintiff's validation. Plaintiff contends that he was discriminated against on the basis of his Mexican nationality, and is used against inmates of Mexican or Hispanic descent.

Plaintiff requests as relief that all gang validation information be expunged from his file, release from the security housing unit, and compensatory damages.

## III. Analysis

### A. Retaliation

Plaintiff contends that he suffered retaliation, which the Court construes as a claim for retaliation in violation of the First Amendment. For a viable claim of First Amendment retaliation, the following elements must be met: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Plaintiff fails to state a cognizable retaliation claim. Plaintiff alleges that he was retaliated against for refusing to become an informant. Refusal to become an informant is not a protected First Amendment activity. Even if Plaintiff had alleged that he engaged in First Amendment activity, Plaintiff fails to allege facts which indicate that Defendants took adverse action against Plaintiff because he engaged in First Amendment activity.

### B. Racial Discrimination

Plaintiff contends racial discrimination by Defendants against Plaintiff for his Mexican nationality. The Court construes this allegation as a claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted).

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). The plaintiff must demonstrate that he was intentionally treated differently from others similarly situated. *Thornton*, 425 F.3d at 1167.

Plaintiff alleges no facts which indicate that he was intentionally treated from other similarly

situated inmates on the basis of race. Plaintiff's allegation that he was discriminated against on the basis of his Mexican nationality is a conclusory statement. *Iqbal*, 556 U.S. at 678.

### C. Gang Validation

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff has not sufficiently alleged a liberty interest regarding confinement in the SHU.

Even assuming Plaintiff had alleged a liberty interest, Plaintiff has not stated a due process claim. Placement in administrative segregation, or the SHU if done for administrative rather than disciplinary purposes, requires notice to the prisoner, an opportunity for the prisoner to submit information, and non-adversarial review of the information supporting placement. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986). A prison gang validation proceeding is subject to the "some evidence" standard where it is an administrative strategy rather than a disciplinary action. *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). Under *Hill*, there is no independent assessment of witness credibility or reweighing of evidence; rather "the relevant question is whether there is any evidence in the record that could support the conclusion." *Hill*, 472 U.S. at 455-56. Plaintiff challenges only the evidence presented to validate him as a Mexican Mafia associate.

Here, there is "some evidence" that supports the gang validation of Plaintiff. Plaintiff includes as exhibits the gang validation package which was used to validate Plaintiff as an associate

4

of the Mexican Mafia prison gang. Five source items were used:

1. On April 16, 2010, a kite (inmate note) printed with names, CDCR numbers, aliases, and phone numbers was found in Plaintiff's personal property. Plaintiff was deemed to be in possession/had the capability to covertly communicate with a validated Mexican Mafia prison gang associate.

2. The kite found contained the Matlactlomei symbol, which has been identified as a symbol associated with Mexican Mafia prison gang members to signify association or membership.

3. On November 20, 2009, a confidential source identified Plaintiff as a Mesa member, which in the prison setting refers to a governing body of influential inmates who further gang activity in the institution, on behalf of Robert Lopez, a validated Mexican Mafia member.

4. On August 26, 2009, a separate confidential source identified Plaintiff as a Mesa member operating on behalf of Robert Lopez.

5. On October 18, 2007, the KVSP IGI unit received kites from North Kern State Prison. The kites were addressed to a validated Mexican Mafia member. In the body of one kite, Plaintiff's first initial, last name, CDCR number, known moniker, and known street gang set, was discovered. IGI determined that the kite was a roster of Surenos at KVSP who are in good standing with the Mexican Mafia.

Pl.'s Compl., Exs. 13-26. Based on the above, there was some evidence to support a finding that Plaintiff was properly validated as an associate of the Mexican Mafia. Plaintiff contends that the information is false and unreliable because Defendants make a lot of assumptions. Plaintiff's allegations fail to demonstrate that there was no evidence to support Plaintiff's gang validation. *Bruce*, 351 F.3d at 1287-88 (affirming that sheriff's department report, probation report concerning codefendant, and statement of confidential prison informant was "some evidence" to support validation of the plaintiff).

### IV. Conclusion

Plaintiff fails to state a claim against any Defendants. The Court does not find that Plaintiff

can amend his complaint to cure the deficiencies identified. Leave to amend should not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2012**                    /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE